(No. 2052—)

JAMES A. GARDNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

This claim was filed on January 19, 1933 and avers that James A. Gardner, on the 15th day of January, A. D. 1929 and for some time prior thereto had been employed as a rock driller by the State of Illinois, acting by and through the Division of Waterways of the Department of Purchases and Construction of said State, and employed in connection with the construction of the Illinois Deep Waterway as such rock driller for the purpose of blasting rock; and on the 15th day of January, 1929, while engaged in the performance of his duties, on the north side of the lock at Brandon's Road, and on the west side of the Desplaines River; while removing the drill from the hole that had just been completed, the drill became lodged in the hole, and in attempting to prevent the drill from slipping back into the hole, claimant fractured his right wrist. Sufficient facts are averred to show the claimant did come within the provisions of the Workmen's Compensation Act of the State of Illinois, and claimant alleges that he suffered damages to the extent of $5,000.00.

The testimony was taken and an abstract of that testimony filed. On cross-examination on page 10 of the abstract, the claimant testified: "I was employed by Green and Sons Company at the time of the injury."

The Attorney General filed a motion to dismiss this claim for two reasons. One, because the claimant was not in the employ of the State at that time, and second, because claim was not filed at the right time. Either of these reasons is sufficient. Manifestly, the State should not be required to pay a claim under the compensation Act when such injured person was not in the employ of the State at the time he received the alleged injury. We do not see how there could be a mistake as to who employed the claimant. He should know, and his evidence on that should be convincing. Claimant states that he was injured sometime between the 15th of January and the 25th of January, 1929. Suit was not filed or proper claim was not made under the compensation Act for approximately four years later. Section 24 of the Workmen's Compensation Act provides, as far as material here, as follows:

" * * * *provided*, no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, *provided* that in any case, unless application for

compensation is filed with the Industrial Commission within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file such application shall be barred."

To meet this argument, the claimant directs attention of the court to Sections 23 and 25 of "An Act in relation to the construction, operation and maintenance of a deep waterway from the water power plant of the Sanitary District of Chicago, at or near Lockport to a point in the Illinois River at or near Utica, and for the development and utilization of the water power thereof. This Act is commonly called the "Illinois Waterway Act." Section 23 provides that the State should be liable for all damages to persons caused by the construction, maintenance or operation of the Illinois Waterway, and its appurtenances, such damages to persons who are employees to be ascertained, determined and fixed as provided in the Act. Without determining whether or not this provision of statute applies to injured workmen, we pass to Section 25 of the Act, also cited by claimant. This statute clearly provides that the Department of Purchases and Construction shall construct the waterway services by the direct employment of labor, services and equipment, and the State shall be liable for accidental injuries or death suffered by any employee arising out of and in the course of his employment, the amount of such liability to be ascertained by reference to the provisions of the Act commonly called the Workmen's Compensation Act. The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder and shall make and file its finding and determination in each case. It must be conceded that the Court of Claims has jurisdiction over this case on account of accidental injuries or death suffered by any employee arising out of and in the course of his employment, the amount of such liability to be determined by provisions of the Act commonly called the Workmen's Compensation Act, and it is argued that this claim is brought under the provisions of the Illinois Waterway Act, Sections 23 and 25; that the language of these two sections is unambiguous, and that the Court of Claims shall refer to the Workmen's Compensation Act only in determining the amount of the liability, and that Section 10 of the Court of Claims Act provides that every claim against the State, cognizable by the Court of Claims, shall be forever

barred unless the claim is filed within five years after it first occurred. It is our opinion that the Legislature intended to give an employee of the State of Illinois the benefit of the Workmen's Compensation Act to the same extent and in the same way that benefit is extended to other employees of the State, doing similar or equally hazardous work. The Act creating the Court of Claims and determining its jurisdiction in compensation cases, gives the court power "to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made according to the rules prescribed in the Act commonly called the Workmen's Compensation Act, the Industrial Commission being hereby relieved of any duty relative thereto."

In the case of *Crabtree* vs. *State of Illinois,* 7, Court of Claims report, page 207, we had occasion to construe this same provision, and we there held that the time which claims for compensation for accidental injuries sustained by State employees must be filed is governed by Section 24 of the Workmen's Compensation Act and not by Section 10 of the Court of Claims Act, and that the determination of the provisions of the Workmen's Compensation Act, as far as the same are applicable, are considered the same as though they were incorporated in the Court of Claims Act.

For these reasons, the motion of the Attorney General will be sustained.